UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07887-SVW-AS | Date | June 22, 2026 |
| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]

## I.   Introduction

Before the Court is a motion to remand, filed by Plaintiff Rodolfo William Munoz on October 6, 2025. ECF No. 11. For the following reasons, the Court denies the motion.

## II.   Relevant Background

This is a wage and hour dispute, a putative class action, consisting of several state-law claims,[1] removed from Superior Court of California, County of Los Angeles on August 21, 2026, under diversity jurisdiction. ECF No. 1. Plaintiff had worked continuously for Defendant Subcontracting Concepts CT LLC ("Defendant") from approximately December 26, 2019, until February 1, 2025, including the relevant statutory period of July 29, 2021, until February 1, 2025. Declaration of Dominick Simone, ECF No. 12-1 ¶ 5; Complaint ("Compl.") ¶ 25. During this time, according to the complaint, Plaintiff was paid

---

[1] Specifically, Plaintiff's claims are: (1) Failure to Pay Minimum Wages for All Hours Worked; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Periods; (5) Failure to Indemnify Necessary Business Expenses; (6) Waiting Time Penalties for Failure to Pay Wages of Discharged Employees; (7) Failure to Provide Accurate Wage Records; and (8) Violations of California's Unfair Competition Law.

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07887-SVW-AS | Date | June 22, 2026 |
|---|---|---|---|

| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* |
|---|---|

on a *piece-rate* basis and misclassified as an exempt independent contractor, when he should have been classified as a non-exempt employee. Compl. ¶¶ 13, 15.

On October 6, 2025, Plaintiff moved to remand the case back to state court. The matter was briefed and heard at oral argument on November 4, 2025. ECF No. 16. However, the Court requested supplemental briefing on one question: whether to calculate the relevant hourly rate for various wage and hour violations using an average rate derived from Plaintiff's total compensation and hours worked. The parties complied—filing additional briefing on November 13 and November 14, 2025. ECF Nos. 17, 18.

### III.    Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can exercise jurisdiction over actions only where a federal question exists, or where there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997).

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A plaintiff's motion to remand may raise either a facial attack or factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (cleaned up). In contrast, a factual attack contests the truth of the allegations themselves. *Id*. at 699. "When

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07887-SVW-AS | Date | June 22, 2026 |
|---|---|---|---|

| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* |
|---|---|

a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence," that jurisdiction exists. *Id*.; *see Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In analyzing a motion to remand, courts may consider summary-judgment-type evidence submitted by the parties. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

## IV.    Discussion

Here, Defendant has removed this case under simple diversity jurisdiction, and Plaintiff's only challenge that this Court lacks subject matter jurisdiction is that the $75,000 amount in controversy has not been met. The Court therefore analyzes the underlying complaint, alongside the evidence submitted by the parties, to determine whether Defendant has met its burden of establishing, by a preponderance of evidence, that $75,000 is plausibly brought into controversy by the complaint, or whether the presumption favoring remand should prevail.

### A.  Plaintiff's Hourly Wage

To calculate the damages implicated under several of Plaintiff's causes of action—specifically, failure to pay minimum wage and overtime, and failure to provide meal and rest breaks—the Court must be able to calculate the value of one unpaid hour of Plaintiff's work. In Defendant's initial argument for remand, it applied the applicable minimum wage in its estimations for the value of unpaid hourly work. However, Defendant has since asserted that since the complaint alleges that Plaintiff was paid *piece-rate*, the appropriate hourly wage for the purposes of determining amount in controversy is Plaintiff's total pay divided by his hours worked.

The Court agrees with Defendant's amended theory and is persuaded by Defendant's evidence that rest and recovery periods as well as overtime for employees paid *piece-rate* should be estimated by amortizing total pay over hours worked. *See* Cal. Lab. Code § 226.2(a)(3)(A)(i)-(ii) ("For employees compensated on a piece-rate basis during a pay period…Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and

:

| | | |
|---|---|---|
| | Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07887-SVW-AS | Date | June 22, 2026 |
|---|---|---|---|

| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* |
|---|---|

recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods. (ii) The applicable minimum wage"); *Frequently Asked Questions; Piece-Rate Compensation – Labor Code § 226.2 (AB 1513), Example 4: For a workweek of piece-rate compensation and overtime hours*, ECF No. 18-1 Ex. A at 9-10 (literature distributed by the State of California's Department of Industrial Relations supporting this method of converting piece-rate payments into estimated hourly pay to calculate overtime). Given the illogic of treating unpaid meal breaks under a different framework, the Court so calculates an hourly rate and applies it to the damages estimates for every claim.

To enable this calculation, the Court refers to the Declaration of Defendant's Senior Vice President of Client Services, which includes as an exhibit all of Plaintiff's earnings reports. Reports, ECF No. 12-1, Ex. 2. These reports reveal that Plaintiff was paid semi-monthly during the statutory period, with net amounts ranging between $1,455.23 and $6,173.31. The Court converted this chart into a spreadsheet and calculated, for each pay period: Plaintiff's average hourly wage, assuming 10 working days per 13-day pay period, with 12 hours worked per day. These estimates are conservative in light of the complaint. *See* Compl. at ¶ ("Plaintiff was typically scheduled to work at least 5 days in a workweek, and typically in excess of 12 hours in a single workday."). These estimated hourly wages ranged from $12.13 to $51.44, with the average rate being $24.51 per hour. The Court therefore uses the $24.51 figure as a conservative estimate to calculate Plaintiff's hourly damages in controversy, where applicable.

**B. Minimum Wage and Overtime**

Plaintiffs' first and second causes of action are for Defendant's failure to pay minimum wage and overtime for hours worked. The Court conducts its analysis of the damages in controversy based on conservative estimates. In the complaint, Plaintiff alleges that he worked at least 5 days in a work week, typically in excess of 12 hours every day. Therefore, the Court begins with the conservative assumption of a 60-hour workweek. Furthermore, Plaintiff alleges he "should have received overtime compensation for work performed in excess of 8 hours per day and over 40 hours per week, but [he was] not." Compl. at ¶ 15. Plaintiff's complaint does not allege that he '*often*' or '*frequently*' was not paid overtime but

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07887-SVW-AS | Date | June 22, 2026 |
|---|---|---|---|

| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* |
|---|---|

simply states that he was not paid overtime at all. Therefore, by the plain language of the complaint, Plaintiff was owed overtime wages for 4 hours of work every day. At the hourly rate of $24.51, calculated, *supra*, the overtime rate would be $12.26 per hour, which over four hours would yield a daily underpayment of $49.04. By multiplying this alleged underpayment across the ten estimated workdays within each of the ninety-one 13-day pay periods occurring entirely within the statutory window (totaling 910 workdays), the Court conservatively estimates the overtime damages to total $44,626.40 over the statutory period, without including the "double-time" rate owed to Plaintiff for hours worked beyond 12 in a day.

As for unpaid minimum wage, according the earnings reports, there were only five pay periods during which Plaintiff's average estimated hourly rate, under the equation described above, fell below the relevant minimum wage of $15.40 per hour.[2] For each of those periods, the Court, still assuming ten workdays, each twelve hours long, uses the difference between the estimated rate of pay and the statutory minimum wage to find the total amount of damages implicated by the allegation. The result is $994.23, totaled from the five relevant pay periods.

Therefore, the Court finds that Defendant has met its burden of showing that Plaintiff's complaint plausibly brings into controversy a total of at least $45,620.63 for the unpaid wage claims alone.

### C. Meal and Rest Breaks

Plaintiff's third and fourth causes of action are for failure to provide meal and rest periods. In pertinent part, the complaint alleges, "Defendants regularly failed to provide Plaintiff…with both meal periods as required by California law," and "Defendants failed to authorize Plaintiff…to take rest breaks" Compl. ¶¶ 52, 55. Under California's Industrial Welfare Commission's Wage Orders and California Labor Code § 226.7, employers must provide non-exempt employees with at least one ten-minute rest period for

---

[2] These were the pay periods beginning December 12, 2021, December 26, 2021, August 7, 2022, December 11, 2022, and December 25, 2022.

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07887-SVW-AS | | Date | June 22, 2026 |
|---|---|---|---|---|
| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* | | | |

every four hours worked, and separately, one thirty-minute meal period failure every five hours worked, where failure to provide the meal or rest periods results in a penalty of "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Moreover, under the framework outlined, *supra*, IV(a), as exemplified by the Department of Industrial Relation's guidance, for employees paid *piece-rate*, the 'regular rate of compensation' must be compensated at the hourly rate, previously estimated at $24.51.

On the face of the complaint, the allegation is that Defendants failed to authorize rest breaks for Plaintiff, "sometimes, but not always," and also that Defendant had a "policy and practice" of not authorizing or permitting required rest periods. Compl. at ¶ 17. Here, the complaint is vague as to the frequency of the alleged violation. However, the Court calculates that if Defendant failed to permit even one in six required rest periods, assuming three required rest periods in a 12-hour workday, that would still amount to a missed rest period every second workday—each requiring a penalty of a full hour's pay. The Court adopts this estimation as decidedly conservative, because the allegations of policy and practice must describe a violation rate of at least 20%. Aggregated across the conservatively estimated 910 workdays, the damages implicated by the rest period violation therefore conservatively totals at least $11,152.05.

As for the allegation of unpaid meal breaks, the complaint is also nonspecific, alleging, that Defendants required Plaintiff to work in excess of five consecutive hours without a 30-minute meal period "sometimes, but not always," and also that Defendant's "policy and practice was to not provide meal periods to Plaintiff." Compl. at ¶ 16. Again, the Court calculates that if Defendant failed to permit even one in six required meal periods, assuming two required meal periods in a 12-hour workday, that would amount to a missed meal period every third workday—each requiring a penalty of a full hour's pay. The Court adopts this estimation as decidedly conservative, because the allegation of policy and practice must describe a violation rate of at least 20%. Aggregated across the conservatively estimated 910 workdays, the damages implicated by the meal period violation therefore conservatively totals at least $7,426.53.

:

Initials of Preparer        DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07887-SVW-AS | | Date | June 22, 2026 |
|---|---|---|---|---|
| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* | | | |

Therefore, the Court finds that Defendant has met its burden of showing that Plaintiff's complaint plausibly brings into controversy a total of at least $18,578.58 for the meal and rest period violation claims alone.

### D. Interest

California's Labor Code and Civil Code together guarantee that in an action such as this for the nonpayment of wages, the Court must award interest on all due and unpaid wages (such as the overtime and minimum wage claims) at a 10 percent per annum interest rate, accruing from the date that the wages were due and payable. Cal. Lab. Code § 218.6; Cal. Civ. Code § 3289(b). However, the California Supreme Court has also clarified that claims for the nonprovision of meal and rest periods are treated differently and receive a 7 percent rate of interest. *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 509 P.3d 956, 121-22 (2022) ("for purposes of prejudgment interest under Labor Code section 218.6, a section 226.7 suit is also not an 'action brought for the nonpayment of wages,' as section 218.6 requires, and so does not qualify for that statute's higher rate."). Therefore, the Court must also include in its calculations the sum of the award that would be owed on the $45,620.63[3] at 10% annual interest, and the award that would be owed on the $18,578.58[4] at 7% annual interest.

To perform this estimation, the Court assumes a uniform accrual rate across the statutory period. The Court counts 1,284 days, inclusive, between July 29, 2021, and February 1, 2025, with the mid-point falling around May 1, 2023. Applying 10 percent per annum interest on the plausibly alleged $45,630.63 in unpaid wages, between that date and May 1, 2026, during the pendency of this motion, yields an award of $13,689.19. Applying 7 percent per annum interest on the plausibly alleged $18,578.58 of non-provided meal and rest breaks during the same period yields an award of $3,901.50.

---

[3] The Court's conservative estimate, calculated above, of damages plausibly in controversy for overtime and minimum wage violations.

[4] The Court's conservative estimate, calculated above, of damages plausibly in controversy for mail and rest period violations.

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07887-SVW-AS | | Date | June 22, 2026 |
|---|---|---|---|---|
| Title | *Rodolfo William Munoz v. Subcontracting Concepts CT LLC et al* | | | |

## V.    Conclusion

For the foregoing reasons, the Court finds that Defendant has met its burden of establishing subject matter jurisdiction by a preponderance of the evidence. By the Court's conservative estimation, the complaint plausibly brings into controversy at least $81,799.90[5] on the first four causes of action alone—surpassing the $75,000 required to establish diversity jurisdiction. Plaintiff's motion to remand is therefore DENIED. This case will proceed under the jurisdiction of this Court. Accordingly, Plaintiff is ORDERED to file a motion for class certification within 60 days of this Order.

**IT IS SO ORDERED.**

---

[5] The sum of the $45,630.63 in unpaid wages, with its $13,689.19 interest award and the $18,578.58 of non-provided meal and rest breaks with its $3,901.50 interest award.

:

Initials of Preparer    DTA